| | |
|---|---|
| GLENN E. SMITH<br>GLENN E. SMITH & ASSOCIATES<br>216 LONGS PEAK DRIVE<br>CHEYENNE, WY 82009<br>Telephone: (307) 635-4912 | FILED<br>U.S. DISTRICT COURT<br>DISTRICT OF WYOMING<br><br>AUG 19 2010<br><br>Stephan Harris, Clerk<br>Cheyenne |

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DALE R. SHOUP, a New Mexico resident,<br><br>    Plaintiff,<br><br>vs.<br><br>THE HARTFORD LIFE INSURANCE COMPANY,<br>a Connecticut corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil No. 10-CV-169J<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**COMES NOW** the Plaintiff in the above referenced action, by and through her attorney of record, Glenn E. Smith, and for her claims for relief against the Defendant, The Hartford Life Insurance Company, Plaintiff alleges and states as follows:

### PARTIES AND PRINCIPLES TO THE ACTION

1. Plaintiff Dale R. Shoup (hereinafter "Plaintiff") is currently a resident of Quemado, New Mexico. Prior to becoming disabled Plaintiff resided in or near Yellowstone Park, Wyoming.

2.  The Hartford Life Insurance Company (hereinafter "Hartford") is a life and health insurance company incorporated in Connecticut. It is duly licensed by the State of Wyoming as a foreign insurer and, as such is authorized to transact the business of insurance in Wyoming. Sometime after March of 2006, Hartford became the successor in interest to a group disability insurance product issued to Xanterra Parks and Resorts, Inc. by Continental Casualty Company (hereinafter "CNA"). As a successor in interest, Hartford assumed all of CNA's liabilities under the Xanterra long-term group disability plan.

## JURISDICTION AND VENUE

4.  All claims for relief set forth in the Plaintiff's Complaint are governed by the terms and provisions of the Employers Retirement and Income Security Act of 1974 ("ERISA"). This action is brought pursuant to 29 U.S.C. §1132(a)(1)(B). The Court has jurisdiction over the claims asserted by the Plaintiffs in this action pursuant to 29 U.S.C. §1132(e)(1).

5.  Because the Xanterra long-term disability plan was initially administered in this district and the breach of that plan, along with other violations as alleged in this Complaint occurred in this district, venue in this court is proper under 29 U.S.C. §1132(e)(2).

## STANDARD OF REVIEW AND EXHAUSTION OF REMEDIES

6.  Plaintiff initially filed this action against CNA on January 12, 2006 seeking review of CNA's denial of Plaintiff's claim for long-term disability benefits

under an arbitrary and capricious standard of review. Prior to filing suit, Plaintiff exhausted his administrative remedies.

7. On February 7, 2005, the Honorable William F. Downes entered his Findings of Fact and Conclusions of Law in that case, holding that CNA had acted arbitrarily and capriciously in denying Plaintiff's long-term disability benefit claim. He remanded the matter back to CNA with instructions to reconsider Plaintiff's claim for benefits in a manner consistent with the Court's Findings of Fact and Conclusions of Law and report back to the Court within thirty days.

8. Within that thirty-day time period, Plaintiff and CNA reached an agreement that resolved all issues as to CNA's obligation to pay past benefits and interest, through March of 2006, including all issues pertaining to Social Security offsets that the Xanterra plan allowed CNA to impose.

9. This action was filed because of the failure and refusal of Hartford, CNA's successor in interest, to properly calculate and pay the Plaintiff ongoing monthly benefits going forward from March of 2006.

10. Although an arbitrary and capricious standard of review for applies in this action, it is irrelevant because CNA's claim denial was already found to be arbitrary and capricious by the Court.

11. Although a plan participant must ordinarily exhaust administrative remedies before the participant is able to may seek relief in a court of law, that requirement is not applicable here because this action was filed ancillary to the refusal and failure of CNA and its successor in interest, Hartford, to properly

calculate and pay the Plaintiff the benefits to which he is entitled under the Xanterra employee benefit plan.

12. Even if a separate exhaustion of remedies requirement applies in this action, Plaintiff has exhausted all remedies at the administrative level in trying to compel payment of the benefits that Plaintiff has been entitled to receive since March of 2006, but which Hartford has refused to play.

13. Plaintiff has furnished all information from the Social Security Administration necessary to the proper calculation of benefits after March 2006. Plaintiff has made several requests for payment of proper benefits, to no avail. Plaintiff finally issued a demand letter dated June 25, 2010, which was ignored by Hartford. Further efforts to secure payment of proper benefits would be futile.

**STATEMENT OF FACTS RELEVANT TO PLAINTIFF'S CLAIM FOR RELIEF**

14. Following the entry of judgment by Judge Downes on January 27, 2006 in the action entitled *Shoup v. Continental Casualty Company*, Case No. 05-CV-038-D, in which Judge Downes found that CNA had acted arbitrarily and capriciously in denying Plaintiff's disability claim, the action was remanded to CNA for further action consistent with the Findings of Fact and Conclusions of Law entered by Judge Downes on January 12, 2006.

15. Following remand, the Plaintiff and CNA came to an agreement upon the amount of past benefits that Plaintiff should have been paid, but was not. This agreement served as an adjudication of all benefit amounts owed to

4

Plaintiff, and all Social Security offsets CNA was allowed to impose against benefits due, through March of 2006.

16.  Thereafter, CNA, and then Hartford, its successor in interest, determined that Plaintiff was entitled to the minimum sum of $100 per month in future disability benefits. This amount is the minimum monthly payment that must be made to all disabled claimants who are eligible to receive disability payments under the Xanterra plan.

17.  CNA, and then Hartford, determined that Plaintiff was only entitled to a minimum monthly payment of $100 because of the erroneous belief that Plaintiff's monthly Social Security benefits exceeded the monthly benefits that Plaintiff was entitled to receive under the Xanterra Plan. This determination was made even though, following the remand of the initial action to CNA by Judge Downes, CNA's attorneys were furnished with all of Plaintiff's Social Security information and knew or should have known the amount of his monthly Social Security payments.

18.  The monthly benefit calculation of $100 per month was and remains patently false and wrong because CNA and Hartford wrongfully and carelessly assumed that Plaintiff's monthly Social Security benefit exceeded the monthly benefit to which he is entitled from his employee benefit plan.

19.  According to Hartford itself, Plaintiff is entitled to receive monthly benefits in the amount of $1,747.78, subject to Social Security offsets. As Plaintiff established by sending Hartford a complete history of his Social Security

payments beginning in January of 2004, his initial monthly Social Security benefit, and the amount Hartford is entitled to offset on a basis, is the sum of $825.00.

20. Since March of 2006, Plaintiff has not received any lump sum payments from Social Security. While he has received several cost-of-living increases since 2006, the Xanterra plan does not allow Hartford to offset these increases against monthly benefits otherwise due.

21. Thus, the net monthly benefit that Plaintiff should have been receiving since the end of March 2006 under the Xanterra plan is the sum of $1,747.78 minus his monthly $825.00 Social Security offset, or $922.78 per month. Instead, Plaintiff has been paid the mandatory minimum benefit of $100 every month since April of 2006.

22. Plaintiff, believing that he should be receiving an amount in excess of $100 every month, refused to deposit or cash the vast majority of these checks. Plaintiff believed that if he did so, he would be admitting that he was being paid the correct amount every month.

23. Plaintiff consulted legal counsel to determine whether he was being paid properly and his counsel contacted Venenza Gonzales, a disability analyst for Hartford, for that purpose. Ms. Gonzalez confirmed that Hartford was offsetting the wrong amount each month and, further, that Plaintiff was entitled to additional benefits.

24. However, Ms. Gonzalez insisted that Hartford needed to directly obtain a "Master Benefit Record" from Social Security so that benefits could be recalculated all the way back to 2003, when Plaintiff received one or more lump sum benefits following his successful application for Social Security disability benefits. Her reason for requiring a payment history from 2003 was so that Hartford could offset lump sum social security benefits that had already been offset once when the parties resolved all benefit issues through March of 2006.

25. Because the information that Hartford claims is necessary to properly calculate benefits would take weeks, perhaps months, to obtain from Social Security through normal channels, Plaintiff went directly to a regional Social Security office in New Mexico and was given a complete history of all payments made to him since January 2004.

26. This information was emailed to Ms. Gonzalez on July 19, 2010. Even though she was provided all of the information she needed to properly calculate benefits from March of 2006 through the present, Ms. Gonzalez persisted in her claim that Hartford needed to obtain the same information from Social Security directly and that Plaintiff needed to sign a release for her to make that request.

27. Ms Gonzalez further persisted in her belief that Hartford was entitled to go all the way back to 2003 and offset benefits that Plaintiff received from Social Security on a lump sum basis, in spite of the fact that all benefit issues through March of 2006, including the right to offset, were finally and

forever resolved by agreement of the parties following the entry of Judgment in Plaintiff's favor by Judge Downes on February 7, 2006.

28. The only information needed to properly calculate benefits that Plaintiff should have been paid beginning in April of 2006 through the present is: (a) the benefit amount that Plaintiff was entitled to receive under the Xanterra plan, which Hartford admits is the monthly sum of $1,747.48; (b) the amount of the monthly Social Security benefit that Plaintiff began receiving when his application for benefits for Social Security was approved – the sum of $825.00 per month; and (c) the number of $100 minimum benefit checks actually deposited by Plaintiff since April of 2006 – information that is already in the control and custody of Hartford.

29. Because Hartford already had the information to properly calculate benefits from March 2006 through the present, as will as future monthly benefits Hartford required to make under the terms of the Xanterra plan, Plaintiff refused to wait weeks or months longer for Hartford to obtain from Social Security the same information Plaintiff obtained from Social Security and emailed to Hartford.

30. Instead, Plaintiff, through his attorney, issued a letter to Hartford dated July 30, 2010 demanding payment of $47,984.56, minus the number of monthly minimum checks of $100 actually deposited by Plaintiff. This is the total amount of benefits due Plaintiff from April of 2006 through August 1, 2010.

31. Plaintiff also demanded payment of interest at the rate of seven percent per annum upon this sum, or approximately $8000. Finally, Plaintiff

demanded payment of attorney's fees incurred in attempting to recover benefits that should have been paid to him after March of 2006. Fees were previously awarded to Plaintiff by Judge Downes in *Shoup v. Continental Casualty Company*, Case No. 05-CV-038D.

32. Hartford was given until August 6, 2010 to respond to Plaintiff's demand and instead ignored it entirely. The only communication received from Hartford following receipt of Plaintiff's demand letter was an email dated August 9, 2010, in which Ms. Gonzalez responded to an earlier email sent by the Plaintiff but totally ignored Plaintiff's demand letter dated July 30, 2010.

33. Because Hartford persists in its demand to recalculate benefits back to 2003, at which time Plaintiff received one or more lump sum payments from Social Security (all of which were already offset and accounted for in the settlement reached between the parties in March of 2006); because Hartford is not entitled to offset Social Security benefits that Plaintiff received prior to March of 2006 again; and because Hartford persists in delaying payment of the benefits due to Plaintiff by requiring authorization from Plaintiff to obtain the same information that Hartford already has in its possession, Plaintiff had no choice but to file this action.

## CLAIM FOR RELIEF PURSUANT TO 29 U.S.C. 1132(a)(1)(B)

Plaintiffs re-allege all facts set forth elsewhere in his Complaint as if fully set forth in her claim for relief and further allege and state as follows:

34.  At all times material to the facts alleged in this Complaint, the employee benefit plan that forms the basis for this action was subject to and governed by ERISA.

35.  Plaintiff's Claim for Relief is asserted under the provisions of 29 U.S.C. §1132(a)(1)(B), which empowers the beneficiaries of an employee benefit plan, including the Plaintiff, to recover benefits due under the terms of the plan and to enforce their rights under the terms thereof.

36.  Plaintiff is entitled to recover benefits due under the terms of the Xanterra plan because CNA, Hartford's predecessor in interest, has already been found to have acted arbitrarily and capriciously in denying Plaintiff's initial claim for disability benefits, which includes the Plaintiff's right to continue receiving benefits until he reaches 65 years of age or he is no longer disabled, whichever occurs first.

37.  In paying Plaintiff the clearly erroneous minimum payment of $100 per month from April of 2006 until the present, Hartford also acted arbitrarily and capriciously in numerous ways, including the following:

(a)  CNA knew within 30 days following entry of Judgment by Judge Downes that Plaintiff's monthly Social Security payments were substantially less than the monthly benefit he was entitled to receive under the Xanterra plan. As successor in interest to this benefit claim, the same information was known, or at least available to, Hartford.

(b) Hartford has no explanation for why it assumed that the monthly Social Security payment to Plaintiff was in excess of the monthly $1747.48 payment Hartford was required to make to the Plaintiff after March of 2006.

(c) Hartford insists that it is entitled to go as far back as 2003 and use the lump sum payment or payments that Plaintiff received from Social Security to offset benefits that should have been paid to the Plaintiff from April of 2006 through the present time, knowing that these lump sum payments were already factored in when the first lawsuit filed by Plaintiff was settled by the parties following entry of Judgment by Judge Downes on February 7, 2006.

(d) Hartford insists on obtaining the Plaintiff's Social Security payment history directly from Social Security even though the Plaintiff obtained his this same information from Social Security on his own and forwarded it to Hartford.

(e) Hartford has, at all times, had the information in its possession and control to correctly calculate the benefits the Plaintiff is entitled to receive from April of 2006 through the present date.

38. For all of the above reasons, and for any additional reasons revealed by Hartford's administrative record and claim files, Hartford's decision to pay the Plaintiff the minimum monthly benefit of $100 per month is arbitrary and capricious.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for a judgment against Hartford for all benefits due the Plaintiff under the Xanterra plan from April of 2006 through the

present date, including prejudgment interest and costs as allowed by law, reasonable attorney's fees as provided under 29 U.S.C. §1132(g)(1), and all other damages, remedies and forms of equitable relief allowable under 29 U.S.C. §1001 *et. seq.*

**DATED** this 19th day of August, 2010,

Respectfully submitted,

Dale R. Shoup,

Plaintiff

BY: _____
Glenn E. Smith
Glenn E. Smith & Associates
216 Longs Peak Drive
Cheyenne, Wyoming 82009
(307) 635-4912

Attorney for Plaintiff

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RECEIVED AUG 19 2010 CLERK, U.S.D.C. CHEYENNE, WYOMING

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff: **Catron County, NM**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Glenn E. Smith & Associates, 216 Longs Peak Dr., Cheyenne WY 82009

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**29 U.S.C. §1132(a)(1)(B)**
Brief description of cause:
**ERISA action to recover improperly calculated long term disability benefits from insurer**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **All unpaid plan benefits**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: **August 19, 2010**
SIGNATURE OF ATTORNEY OF RECORD: _[signature]_

---

**FOR OFFICE USE ONLY**
RECEIPT # **9810**   AMOUNT **350.00**   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

1 Summons Issued

[Print]